(Reap. Dec. 11125)

HADDAD & SONS, INC. *v.* UNITED STATES

Entry Nos. 800 ; 1127 ; 801.

(Decided January 26, 1966)

*James G. McGoldrick* for the plaintiff.

*John W. Douglas*, Assistant Attorney General, for the defendant.

RAO, Chief Judge: The appeals for reappraisement listed in the schedule of reappraisements, attached to this decision and made a part hereof, have been submitted upon the following stipulation:

IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED, by and between the attorneys for the parties hereto, subject to the approval of the court:

1) That the merchandise covered by the appeals to reappraisement herein, consists of cotton articles from Japan;

2) That export value, as defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis of value for the merchandise herein;

3) That on or about the dates of exportation herein such or similar merchandise was freely sold or in the absence of sales, offered for sale, in the principal markets therefor of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, at the appraised values less the amounts indicated on the commercial invoices to have been paid as buying commission;

4) That such appraised values less the amounts indicated on the commercial invoices to have been paid as buying commission are the export values as defined in section 402(b) of the Tariff Act of 1930, as amended and as modified, of the merchandise covered by appeals for reappraisement herein.

IT IS FURTHER STIPULATED, CONSENTED TO AND AGREED, by and between the attorneys for the parties hereto, that these appeals for reappraisement may be submitted on the foregoing stipulation, and on the invoice, entry and other official papers relating to the entry and appraisement of the merchandise covered by these appeals.

On the agreed facts, I find export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, to be the proper basis for the determination of the value of the merchandise covered by said appeals for reappraisement and that such values are the appraised values, less the amounts indicated on the commercial invoice to have been paid as buying commission.

Judgment will be entered accordingly.